IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
BRUNSWICK DIVISION

| | |
|---|---|
| OSWALDO ROMERO, JR. and LEESA K. ROMERO,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH A. LANZONE, JR, MD, and SOUTHEAST GEORGIA UROLOGY ASSOCIATES, P.C.,<br><br>Defendants. | Civil Action No._____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COME NOW Plaintiffs, Oswaldo Romero, Jr. and Leesa K. Romero, and file their Complaint for damages against Joseph A. Lanzone, Jr., MD, and Southeast Georgia Urology Associates, PC, Defendants, showing the Court as follows:

### **Jurisdiction and Venue**

1.

Plaintiffs, Oswaldo Romero, Jr. and Leesa K. Romero, are residents of 14341 Sabal Drive, Miami Lakes, Florida 33014 and have submitted themselves to the jurisdiction and venue of this Court via having filed their Complaint.

2.

Defendant Joseph A. Lanzone, Jr., MD is a resident of Glynn County, Georgia, residing at 818 Hamilton Landing Drive, St. Simons Island, Georgia 31522. Dr. Lanzone may be served at his home address or at his office address at 2500 Starling

Street, Ste. 406, Brunswick, Georgia 31520 or any other location where Dr. Lanzone may be found.

3.

Defendant, Southeast Georgia Urology Associates, PC, is a professional corporation organized and existing under the laws of the State of Georgia with its principle place of business located at 2500 Starling Street, Ste. 406, Brunswick, Georgia 31520. Southeast Georgia Urology Associates, PC may be served with Summons and Complaint through its registered agent, Joseph A. Lanzone, Jr., MD at that same address, Dr. Lanzone's home address, or at any other location where Dr. Lanzone may be found.

4.

Because Plaintiffs are residents of Florida and Defendants are a Georgia resident and a Georgia corporation with its principle place of business in Georgia, this Court has jurisdiction over the above Defendants pursuant to diversity of citizenship, 28 U.S.C. § 1332. Venue is proper in the Southern District of Georgia, Brunswick Division, due to the location of the Defendants and the fact that the tort occurred in Brunswick, Georgia.

## Facts

5.

Oswaldo Romero, Jr. went to the ER at Southeast Georgia Health System's Brunswick hospital on 3/15/10, complaining of flank pain. A CT revealed a kidney stone on the left side.

6.

Oswaldo Romero, Jr. returned to the ER at Southeast Georgia Health System's Brunswick hospital on 3/16/10, again complaining of severe flank pain. Mr. Romero was admitted by Dr. Muse, Dr. Lanzone's partner at Southeast Georgia Urology Associates, PC, on 3/16/10 and remained in the Brunswick hospital through 3/19/10.

7.

The surgery on 3/17/10 was scheduled to be performed by Dr. Muse but was performed by Dr. Lanzone.

8.

Dr. Lanzone's 3/17/10 operative report, Dr. Lanzone's handwritten notes, and the case notes show that the procedure was to remove a left ureteral stone but the operation was then described as a bilateral ureteroscopy. The operative note indicates that Dr. Lanzone passed a wire and a ureteroscope into the right ureteral orifice. This resulted in trauma to the right ureter so he left a stent to allow that to heal. Dr. Lanzone's operative note indicates that he attempted to enter the left ureter multiple times but could not get a stent or a wire up the ureter. The case time shows that the procedure lasted 2 hrs and 37 minutes.

9.

Dr. Lanzone's partner, Dr. Muse, performed another operation on 3/19/10. Dr. Muse successfully performed a left ureteroscopy without complication. The procedure lasted 48 minutes.

10.

Dr. Lanzone's 3/17/10 procedure in the right ureter caused enough trauma to form scar tissue. This resulted in a stricture of the right ureter and necrosis in the area of the damage caused by Dr. Lanzone.

11.

Follow up care for the damaged right ureter in Florida included an initial visit with Dr. Gheiler on 3/22/10. On that date, Dr. Gheiler removed the catheter and indicated that he would wait until Friday to remove the stents.

12.

On Friday, 3/26/10, Dr. Gheiler removed the left and right stents and observed the condition of the ureters. Because Dr. Gheiler noticed the damage to the right ureter, he called in Dr. Bianco to consult in case the ureter closed up and Oswaldo Romero would require surgery.

13.

Follow up care for the right damaged ureter in Florida also included a CT scan, ultrasound, x-rays, and the attempted placement of a stent to drain the right kidney at Palmetto General Hospital on 4/13/10. As a result of the inability to place a stent, Oswaldo Romero, Jr. had a nephrostomy tube placed through his back at Palmetto General Hospital on 4/14/10. The kinked tube was replaced on 4/15/10 and Oswaldo Romero, Jr. was released from Palmetto General Hospital on 4/16/10.

14.

Follow up care for the damaged right ureter in Florida also included a 5/4/10 ureteral re-implantation surgery at Mt. Sinai Hospital in Miami Beach, Florida by Dr. Bianco with a 5/7/10 discharge from that hospital.

15.

Follow up care for the damaged right ureter in Florida also included a 5/20/10 through 5/25/10 admission to Mt. Sinai Hospital for an infection which occurred as a result of the ureteral re-implantation surgery.

## Count I – Professional Negligence of
## Joseph A. Lanzone, Jr., MD

16.

Plaintiffs repeat and re-allege paragraphs 1 through 15 above as if each were set forth here again in its entirety.

17.

Based upon the above facts and circumstances, the Defendant, Joseph A. Lanzone, Jr., MD was professionally negligent when he failed to exercise that degree of skill and care exercised by physicians generally, under similar conditions and like surrounding circumstances, in at least the following particulars:

a) The standard of care requires that, before upper tract manipulation, a guidewire should be placed under cystoscopic and fluoroscopic guidance. While Dr. Lanzone indicates in his operative note that he passed a wire into the ureter, Dr. Lanzone did not use fluoroscopy to determine whether he was in the correct (left) ureter

and not in the wrong (right) ureter. Due to the failure to use fluoroscopy, Dr. Lanzone operated on the wrong (right) ureter of Oswaldo Romero, Jr.

b) The trauma to the right ureter was caused by Dr. Lanzone's procedure in the right ureter. Dr. Lanzone violated the standard of care by not recognizing that he was performing a procedure in the wrong ureter prior to causing severe trauma to the right ureter.

18.

Oswaldo Romero, Jr.'s necrotic tissue, stricture, and re-implantation in the right ureter were caused by Dr. Lanzone's procedure in the right ureter. Had Dr. Lanzone followed the standard of care and used intraoperative fluoroscopy at the appropriate time, none of the injuries to Oswaldo Romero, Jr.'s right ureter would have occurred and all of the subsequent treatment, including the re-implantation, would have been avoided.

19.

As a result of the above described negligence of Defendant Joseph A. Lanzone, Jr., MD, Oswaldo Romero, Jr. has sustained medical bills to date in excess of $158,663.69, with said medical expenses continuing into the future.

20.

As a result of the above described negligence of Defendant Joseph A. Lanzone, Jr., MD, Oswaldo Romero, Jr. has sustained past lost wages of $34,788.80.

21.

As a result of the above described negligence of Defendant Joseph A. Lanzone, Jr., MD, Oswaldo Romero, Jr. will require ongoing medical care and treatment.

22.

As a result of the above described negligence of Defendant Joseph A. Lanzone, Jr., MD, Oswaldo Romero, Jr. has experienced past, present, and future mental and physical pain and suffering.

23.

With reference to the claims of professional negligence set forth herein, and out of an abundance of caution in case this Court were to determine that the requirements of O.C.G.A. § 9-11-9.1 apply to this Complaint, Plaintiffs attach hereto as Exhibit "1" the affidavit of Ross Alan Rames, MD. Dr. Rames is an expert competent to testify and said affidavit sets forth specifically at least one negligent act or omission against Dr. Joseph A. Lanzone, Jr. which is claimed to exist, as well as the factual basis thereof.

## Count II – Professional Liability of
## Southeast Georgia Urology Associates, P.C.

24.

Plaintiffs repeat and re-allege paragraphs 1 through 23 above as if each were set forth here again in its entirety.

25.

Based upon the above described facts and circumstances, Defendant Southeast Georgia Urology Associates, P.C. was, by and through its employee, Dr. Joseph A. Lanzone, Jr., negligent and failed to exercise that degree of care employed by doctors generally under similar conditions and like surrounding circumstances.

26.

As a result of the negligence of Dr. Lanzone, Southeast Georgia Urology Associates, P.C. is responsible for the damages caused by Dr. Joseph A. Lanzone, Jr. to Oswaldo Romero, Jr., including necrosis, a stricture, and a re-implantation of the right ureter. Liability is premised upon the doctrine of respondeat superior.

### Count III – Loss of Consortium

### Dr. Joseph A. Lanzone and Southeast Georgia Urology Associates, PC

27.

Plaintiffs repeat and re-allege paragraphs 1 through 26 above as if each were set forth here again in its entirety.

28.

During the time of the events described above, and all times relevant hereto, Plaintiff Oswaldo Romero, Jr. was married to Leesa K. Romero.

29.

As a result of the significant permanently disabling injury suffered by Oswaldo Romero, Jr., Plaintiff Leesa K. Romero has suffered a significant loss of consortium and society and will continue to suffer this loss into the future.

30.

The above described loss of consortium and society suffered by Leesa K. Romero was proximately caused by the above described negligent acts and omissions of Defendants Joseph A. Lanzone, Jr., MD and Southeast Georgia Urology Associates, P.C.

31.

As a result of the above described negligence of Dr. Joseph A. Lanzone, Jr., MD and Southeast Georgia Urology Associates, P.C., said Defendants are liable to Plaintiff Leesa K. Romero for damages as a result of her loss of consortium and society in an amount to be determined by the enlightened conscience of the jury.

WHEREFORE, Plaintiffs demand judgment against Defendants Joseph A. Lanzone, Jr., MD and Southeast Georgia Urology Associates, P.C. and seek relief against Defendants as follows:

a) That process issue and summons be served as provided by law.

b) That judgment be entered against Defendant Joseph A. Lanzone, Jr., MD in an amount in excess of $10,000 for medical expenses incurred in the past and to be incurred in the future by Plaintiff Oswaldo Romero, Jr.

c) That judgment be entered against Defendant Joseph A. Lanzone, Jr., MD in an amount in excess of $10,000 for lost wages incurred by Plaintiff Oswaldo Romero, Jr.

d) That judgment be entered against Defendant Joseph A. Lanzone, Jr., MD in an amount in excess of $10,000 for the past, present, and future mental and physical pain and suffering of Oswaldo Romero, Jr.

e) That judgment be entered against Defendant Southeast Georgia Urology Associates, P.C. in an amount in excess of $10,000 for medical expenses incurred in the past and to be incurred in the future by Plaintiff Oswaldo Romero, Jr.

f) That judgment be entered against Defendant Southeast Georgia Urology Associates, P.C. in an amount in excess of $10,000 for lost wages incurred by Plaintiff Oswaldo Romero, Jr.

g) That judgment be entered against Defendant Southeast Georgia Urology Associates, P.C. in an amount in excess of $10,000 for the past, present, and future mental and physical pain and suffering of Oswaldo Romero, Jr.

h) That judgment be entered against Defendant Joseph A. Lanzone, Jr., MD in an amount in excess of $10,000 for the loss of consortium and society of Plaintiff Leesa K. Romero resulting from the bodily injury suffered by her spouse Oswaldo Romero, Jr.

i) That judgment be entered against Defendant Southeast Georgia Urology Associates, P.C. in an amount in excess of $10,000 for the loss of consortium and society of Plaintiff Leesa K. Romero resulting from the bodily injury suffered by her spouse Oswaldo Romero, Jr.

j) That Plaintiffs have trial by jury.

k) That Plaintiffs have such other and further relief as this Court deems just and appropriate.

This 25th day of January, 2012.

OWENS & MULHERIN

_____
Wilbur D. Owens, III
Attorney for Plaintiffs
Georgia Bar No. 557810
owens@lomlaw.com

PO Box 13368
Savannah, GA 31416-3368
(912) 691-4686 – telephone
(912) 691-4724 – facsimile

- 10 -